IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff<br><br>          v.<br><br>LUIS A. RÍOS-PÉREZ,<br><br>          Defendant. | **CRIM NO.** 16-591-16 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Luis A. Ríos-Pérez's ("Defendant" or "Ríos") *Motion for Sentence Reduction* (Docket No. 2876). For reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE**.

        I.      **PROCEDURAL BACKGROUND**

On September 23, 2016, a Grand Jury returned a 6-count indictment charging Ríos and his codefendants. (Docket No. 3). On November 30, 2016, while still serving a previous sentence, Defendant was arrested and brought back to Puerto Rico. (Docket No. 2876 at 4 n.1). On March 1, 2021, he pled guilty to possession with intent to distribute at least 2 kilograms but less than 3.5 kilograms of cocaine within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846, and 860 (Count One)

and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Six). (Docket Nos. 1914 at 1-4 and 1916). On July 13, 2021, the parties jointly proposed amending the quantity of controlled substances relevant to Count One to at least 400 grams but less than 500 grams of cocaine so Ríos would not be subject to a mandatory minimum. (Docket No. 2023 at 3). That same day, Ríos was sentenced to consecutive terms of 28 months' imprisonment as to Count One and 60 months' imprisonment as to Count Six by Judge Gustavo A. Gelpí. (Docket No. 2029). Defendant is also subject to concurrent supervised release terms of eight (8) years as to Count One and five (5) years as to Count Six. Id. He will qualify for Residential Reentry Center ("RRC" or "Halfway House") placement on June 8, 2023 and has a projected release date of June 6, 2024. (Docket No. 2876 at 11 n.7).

On April 17, 2023, Defendant filed the instant *Motion for Sentence Reduction*. (Docket No. 2876). In his motion, Ríos alleged that harsh prison conditions at Metropolitan Detention Center ("MDC") Guaynabo following Hurricane María in 2017 and throughout the COVID-19 pandemic constitute extraordinary and compelling circumstances that warrant a reduction in his sentence. (Docket No. 2876 at 4-8). Defendant also asserts he is no longer a danger to the safety of others or the community as exemplified by his

release plan and record of rehabilitation while incarcerated. Id. at 8-9 and 11. Accordingly, he requests that his sentence be reduced by eight (8) months.

On May 10, 2023, the United States of America (the "Government") opposed Defendant's petition on the grounds that Ríos lacks an extraordinary and compelling reason warranting release because he did not assert he has a serious medical condition and that his claims as to prison conditions are too generalized. (Docket No. 2915 at 4-5). The Government further argues Defendant has already benefited from a sentence reduction and still poses a significant danger to the safety of the community. Id. at 8-13.

On May 11, 2023, Defendant filed a reply to the Government's response, explaining that because conduct in a different case in this district ("Case 14-430") constituted relevant conduct in this case, the parties jointly agreed to an adjustment to his plea agreement at the time he was sentenced. (Docket No. 2922-1 at 2).

## II. ANALYSIS

This Court denies Ríos's request for two reasons. First, he fails to present extraordinary and compelling circumstances justifying release. Second, he has not evinced he no longer poses a danger to society if released.

Typically, a court cannot modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). However, it may grant compassionate release to a defendant subject to certain requirements. Id. § 3582(c)(1)(A).

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may not modify a final sentence unless a defendant has "fully exhausted all administrative rights to appeal a failure of" the Bureau of Prisons ("BOP") to bring a motion for reduction of sentence on his behalf or if thirty (30) days have elapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Even if these conditions are met, there ***must still be*** "extraordinary and compelling reasons" warranting a reduction. Id. § 3582(c)(1)(A)(i). Per First Circuit precedent, extraordinary and compelling reasons are "(A) medical reasons; (B) age; (C) family circumstances; and (D) '[o]ther [r]easons[.]'" Saccoccia, 10 F.4th at 7 (quoting U.S.S.G § 1B1.13).

In United States v. Ruvalcaba, the First Circuit addressed whether District Courts were bound by the Sentencing Guidelines Policy Statement[1] or measures for compassionate release. The First

---

[1] On April 27, 2023, the United States Sentencing Commission submitted a series of amendments to the Guidelines Manual to Congress, including an amendment to U.S.S.G. § 1B1.13, the applicable policy statement for 18 U.S.C. § 3582(c)(1)(A). *See* Amendments to the Sentencing Guidelines, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf at 1-13 (last visited May 25, 2023). Absent congressional action to the contrary, the amendments will go into effect on November 1, 2023. Id. at 1. The forthcoming policy statement expands the list

Circuit held that "district courts – when adjudicating prisoner-initiated motions for compassionate release – have discretion, unconstrained by any policy statement currently in effect, to consider whether a prisoner's particular reasons are sufficiently extraordinary and compelling to warrant compassionate release." United States v. Ruvalcaba, 26 F.4th 14, 23 (1st Cir. 2022) (citation omitted). Yet, this does not mean that a district court's discretion is limitless, since its discretion "remains circumscribed by statutory standards, which obligate the district court to find a reason that is both 'extraordinary and compelling.'" Id. (citing United States v. Canales-Ramos, 19 F.4th 561, 566 (1st Cir. 2021)). Thus, the Court reviews the entire record to decide if Defendant has established extraordinary and compelling reasons for a sentence reduction. See United States v. Salinas-Acevedo, 2021 WL 5919786, at *2 (D.P.R. 2021).

Defendant provided evidence of his filing of a request for compassionate release with the Warden of MDC Guaynabo and that more than thirty days had elapsed since said filing. (Docket No. 2876-1 at 2-3). Nevertheless, he still failed to present circumstances warranting release.

---

of extraordinary and compelling reasons justifying compassionate release, id. at 1-4, but even under this broader framework, Defendant's *Motion for Sentence Reduction* would still be denied.

**A. Prison conditions at MDC Guaynabo do not justify release.**

Defendant argues that that three aspects of his incarceration at MDC Guaynabo constitute extraordinary and compelling circumstances justifying release. However, none of these arguments is convincing.

First, Ríos claims that because MDC Guaynabo is a pre-trial detention facility, he was deprived of benefits such as lower security restrictions or additional programming he would have received at another institution. (Docket No. 2876 at 5-6). Defendant has nonetheless "completed at least 1,460 hours of classes" and held several jobs while incarcerated. Id. at 9. Because Ríos has been able to participate successfully in a wide range of classes and occupations, the Court declines to find that the lack of potential additional programming at MDC Guaynabo constitutes extraordinary and compelling circumstances justifying release. Additionally, though Defendant does not mount a constitutional challenge here, it is worth noting that "there is no constitutional or statutory right to rehabilitation programs." Dodson v. Reno, 958 F. Supp. 49, 60 (D.P.R. 1997) (citations omitted) (concluding that MDC Guaynabo was an appropriate place to house a long-term inmate although it did not have the types of rehabilitation programs that the inmate wanted), aff'd, 125 F.3d 841 (1st Cir. 1997).

Second, Ríos avers that he endured significant hardship at MDC Guaynabo in the week following Hurricane María's landfall. (Docket No. 2876 at 6-7). Undoubtedly, Hurricane María caused widespread disruption to operations at MDC Guaynabo, ultimately leading to the relocation of inmates to the mainland pursuant to the Federal Judiciary Emergency Special Sessions Act of 2005, Pub. L. No 109-63, 119 Stat. 1993 (2005). *See* Notice from the Clerk No. 17-12, Transfer of Federal Detainees Outside of District of Puerto Rico and Suspension of Criminal and Civil Trials Until November 6, 2017. However, the Court is not convinced that post-María conditions at MDC Guaynabo warrant a sentence reduction as to Ríos, because he cites to another inmate's affidavit rather than describing his own experience and explaining why it presents extraordinary and compelling reasons for release. *See* United States v. Garcia, 2021 WL 347574, at *3 (N.D. Tex. 2021) (finding defendant's description of hurricane damage and poor prison conditions insufficient grounds for compassionate release when defendant failed to describe extraordinary or compelling circumstances that were unique to her); *cf.* United States v. Zoquier Solano, 2020 WL 6193859, at *2 (S.D.N.Y. 2020) (finding sentence reduction justified where COVID-19 pandemic coupled with defendant's physical and mental symptoms and conditions at

defendant's prison facility after Hurricane María constituted extraordinary and compelling reasons).

Finally, Ríos argues that lockdown restrictions during the COVID-19 pandemic worsened conditions. (Docket No. 2876 at 8). Here, too, the restrictions do not warrant a sentence reduction, as the BOP imposed them to mitigate the spread of COVID-19 and protect the health of inmates and staff and almost all BOP inmates were subject to the same conditions. *See* United States v. Beauregard, 2021 WL 2080019, at *8 (D. Me. May 24, 2021) (explaining need for defendant to explain why he should be given special or unique treatment when every inmate is subject to the BOP's COVID-19 policies).

**B. Defendant has not shown he is not a danger to society.**

The Court is also not convinced that Defendant is no longer a danger to society. Defendant has certainly taken steps towards his rehabilitation while incarcerated. Commendably, Ríos obtained his GED, became proficient in English, earned a certification as a forklift operator, and received a complimentary letter from his employment supervisor. (Docket No. 2876 at 8-9). These efforts are laudable. However, rehabilitation alone is insufficient to warrant Defendant's release, particularly with his criminal record. *See* United States v. Sepulveda, 34 F.4th 71, 77-76 (1st Cir. 2022).

Defendant was convicted of serious crimes, including the possession of a firearm in furtherance of a drug trafficking offense. As part of the stipulation of facts in his plea agreement, Ríos admitted that he had "acted as an armed enforcer for [a] drug trafficking organization." (Docket No. 1914 at 15).

Concerningly, Defendant has consistently failed to comply with the conditions of supervised release. On June 28, 2005, Ríos was arrested in a different case in this district ("Case 05-195"). (Docket No. 2006 ¶ 98). On March 24, 2006, he was sentenced in Case 05-195 to 72 months' imprisonment (later amended to 60 months' imprisonment), to be followed by a five-year term of supervised release. Id. Defendant's term of supervision was first revoked on October 7, 2013, when he was sentenced to five months' imprisonment and a two-year term of supervised release. Id. Less than a year later, Defendant was arrested on June 27, 2014 in Case 14-430, which is related to the instant case. (Docket No. 2876 at 4 n.1). On February 25, 2015, he was sentenced in Case 14-430 to 37 months' imprisonment, to be followed by a three-year term of supervised release. (Docket No. 2006 ¶ 99). Because Ríos committed additional crimes, on May 4, 2015, his term of supervision from Case 05-195 was revoked again, and a sentence of 14 months' imprisonment was imposed. Id. ¶ 98. In addition, Ríos has had three disciplinary infractions while incarcerated, including for lying in 2016.

(Docket No. 2915 at 12-13). Thus, a sentence reduction would not properly reflect the seriousness of his offenses, promote respect for the law, or provide the adequate deterrence to criminal conduct required by 18 U.S.C. § 3553. *See* United States v. Bueno-Beltran, 2022 WL 1442008, at *3 (D.P.R. 2022).

### III. CONCLUSION

Given that extraordinary and compelling circumstances are lacking, Defendant Luis A. Ríos-Pérez's *Motion for Sentence Reduction* (Docket No. 2876) is **DENIED WITHOUT PREJUDICE.**

In San Juan, Puerto Rico, this 30th day of May 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge